**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Medical Savings Plan; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, | ) | Case No. |
| | ) | Judge: |
| Plaintiffs, | ) | Magistrate Judge: |
| v. | ) | |
| Green Crew, Inc., an Illinois corporation; Corrie Garza, an individual; and Michael McDonagh, an individual, | ) | |
| Defendants. | ) | |

**<u>COMPLAINT</u>**

Plaintiffs Midwest Operating Engineers Welfare Fund, Medical Savings Plan, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Local 150 IUOE Vacation Savings Plan (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or "the Union"), bring this action to collect contributions and dues from Defendants Green Crew, Inc., an Illinois corporation ("Green Crew"); Corrie Garza, an individual; and Michael McDonagh, an individual.

**<u>COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS</u>**

**Facts Common to All Counts**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor-

Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Green Crew is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5); and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Palos Heights, Illinois.

3. In its corporate filings with the State of Illinois, Green Crew identified Defendant Corrie Garza as its President and Defendant Michael McDonagh as its Secretary (Exhibit A).

4. On August 1, 2014, Green Crew, through its President, Corrie Schafer, a/k/a Corrie Garza, signed a Memorandum of Agreement (Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Landscape Construction Labor Agreement between the Illinois Landscape Contractors Bargaining Association ("ILCBA") and Local 150 (excerpts attached as Exhibit C).

5. On August 1, 2014, Green Crew, through its President, Corrie Schafer, a/k/a Corrie Garza, signed a Memorandum of Agreement (Exhibit D) with the Union that adopted the terms of a CBA known as the Landscape Construction Labor Agreement (Plantsman and Other Non-Equipment Operator Classifications) between the ILCBA and Local 150 (excerpts attached as Exhibit E).

6. The CBAs and the Agreements and Declarations of Trust incorporated therein require Green Crew to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

7. The CBAs and Trust Agreements specifically require Green Crew to:

(a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of 10 percent of untimely contributions, or 20 percent of such contributions should the Funds be required to file suit;

(c) pay interest to compensate the Funds for the loss of investment income;

(d) make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting;

(e) pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified or where the Funds refer the Employer's account to counsel;

(f) pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(g) furnish to the Funds a bond in an amount acceptable to the Funds;

(h) pay the Funds an audit non-compliance fee of $110.00 per fund for each business day that requested audit documents are not produced, beginning 21 days from the demand for such documents.

8. The CBAs also require Green Crew to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Green Crew with respect to CRF as they do the Funds.

9. The CBAs further require Green Crew to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Green Crew does not do so, the Union is entitled to liquidated damages, attorneys' fees, and any other cost of collection.

10. Green Crew has become delinquent in the submission of its reports and contributions due the Funds and CRF and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

11. In order to forestall the filing of lawsuit, Green Crew and its Officers, Corrie Garza and Michael McDonagh, executed a Payment Plan Agreement ("Payment Plan") (Exhibit F). In that Payment Plan, Green Crew agreed to make installment payments of the delinquent sums that it owed the Funds, the Union, and CRF. Green Crew and its Officers, Corrie Garza and Michael McDonagh, further agreed to submit forthcoming monthly reports, contributions, and dues payments timely. Green Crew's Officers, Corrie Garza and Michael McDonagh, agreed to accept personal liability for any amounts owed by Green Crew. All parties consented to the entry of judgment against each of them in the event of breach of the Payment Plan.

**Jurisdiction and Venue**

12. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statute. Furthermore, Green Crew stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit F).

13. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

14. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Where an employer fails to submit contribution reports and contributions timely, ERISA explicitly authorizes the Funds to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. 29 U.S.C. § 1132 (g).

15. ERISA permits the Funds to seek and the Court to award "such legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132 (g)(2). The entitlement to equitable relief permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due. The entitlement to legal relief permits the Funds to recover auditors' fees and any accrued audit non-compliance fees from uncooperative employers.

16. Green Crew has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

17. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Green Crew, there is a total of $14,188.04 known to be due the Funds from Green Crew, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, interest, auditors' fees, and/or audit non-compliance fees will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

(a) enter judgment in favor of the Funds and against Green Crew for all unpaid contributions as identified in Green Crew's contribution reports;

(b) enjoin Green Crew to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

(c) enjoin Green Crew at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Green Crew owes additional sums to the Funds and pay the costs of such an audit; or alternatively, at the Funds' option, require Green Crew to pay any contributions reasonably estimated to be due by the Funds for the period when Green Crew failed and refused to timely submit contribution reports;

(d) enter judgment against Green Crew and in favor of the Funds for liquidated damages, interest, attorneys' fees, and costs associated with all delinquent contributions and any auditors' fees or audit non-compliance fees that are due and owing;

(e) provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Green Crew's cost.

## COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS

1-11. CRF re-alleges and incorporates herein by reference paragraphs 1 through 11 of Count I as if fully stated herein.

### Jurisdiction and Venue

12. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Furthermore, Green Crew consented to the jurisdiction of this court in the Payment Plan (Exhibit F).

13. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

14. Green Crew has not submitted all of its contribution reports to CRF. Green Crew has failed to make timely payment of all contributions acknowledged to be due according to Green Crew's own contribution reports and the CBAs, and Green Crew has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Green Crew is in breach of its obligations to the CRF under the CBAs.

15. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Green Crew, there is a total of $61.72 known to be due to CRF from Green Crew subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

(a) order Green Crew to submit all delinquent monthly contribution reports;

(b) enter judgment in favor of CRF and against Green Crew for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees, and costs, including any amounts estimated to be due in view of Green Crew's failure to submit all contribution reports required by the CBAs;

(c) enjoin Green Crew to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

(d) award CRF such further relief as may be deemed just and equitable by the Court, all at Green Crew's cost.

**COUNT III. SUIT TO COLLECT UNION DUES**

1-11. The Union re-alleges and incorporates herein by reference paragraphs 1 through 11 of Count I as if fully stated herein.

**Jurisdiction and Venue**

12. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185. Furthermore, Green Crew stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit F).

13. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and the Union's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

14. Green Crew has not submitted all of its dues reports to the Union. Green Crew has failed to make timely payment of all dues acknowledged to be due according to Green Crew's own reports and the CBAs. Green Crew is required to pay liquidated damages by the CBAs. Accordingly, Green Crew is in breach of its obligations to the Union under the CBAs.

15. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Green Crew, there is a total of $1,087.84 known to be due to the Union from Green Crew before the assessment of fees and costs subject to the possibility that additional dues and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

(a) order Green Crew to submit all delinquent monthly dues reports;

(b) enter judgment in favor of the Union and against Green Crew for all unpaid dues, liquidated damages, and the Union's reasonable attorneys' fees and costs, including any amounts estimated to be due because Green Crew failed to submit all dues reports required by the CBAs;

(c) enjoin Green Crew to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

(d) award the Union such further relief as may be deemed just and equitable by the Court, all at Green Crew's cost.

## COUNT IV. SUIT FOR BREACH OF PAYMENT PLAN

1-11. The Funds, CRF, and the Union re-allege and incorporate herein by reference paragraphs 1 through 11 of Count I as if fully stated herein.

### Jurisdiction and Venue

12. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension of the CBAs. Furthermore, Green Crew stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit F).

13. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and because the Payment Plan was partly executed and some of the performance took place in Cook County, Illinois.

**Allegations of Violations**

14. Green Crew has breached its obligations under the Payment Plan because it has failed to make its installment payments timely and failed to submit its monthly reports, contributions, and dues timely. Green Crew has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, CRF, and the Union are entitled and Green Crew consented under the Payment Plan to the entry of judgment against Green Crew for all amounts identified as due in the Payment Plan and all sums that became due following the execution of the Payment Plan. Additionally, the Funds and CRF are entitled to interest as a consequence of entry of judgment.

15. That upon careful review of all records maintained by the Funds, CRF, and the Union, and after application of any and all partial payments made by Green Crew, there is a total of $15,587.07 known to be due the Funds, CRF, and the Union from Green Crew, before the assessment of attorneys' fees and costs, subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Green Crew owes additional contributions and dues not yet identified by Green Crew in its remittance reports.

WHEREFORE, the Funds, CRF, and the Union respectfully request that Court enter judgment in favor of the Funds, CRF, and the Union for all unpaid contributions, dues, liquidated damages, interest, and the Funds' reasonable attorneys' fees and costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the CBAs and Trust Agreements.

**COUNT V. SUIT TO ENFORCE PERSONAL GUARANTEE**

1-11. The Funds, CRF, and the Union re-allege and incorporate herein by reference paragraphs 1 through 11 of Count I as if fully stated herein.

**Jurisdiction and Venue**

12. This Court has jurisdiction over this claim because it is a suit by a labor organization that has its headquarters within this jurisdictional district. 29 U.S.C. § 185. This Court also has supplemental jurisdiction over this Count because it is a claim "so related…that [it] form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). Furthermore, Green Crew President Corrie Garza and Secretary Michael McDonagh stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit F).

13. Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a). Venue is also proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois. 28 U.S.C. § 1391(b)(2).

**Allegations of Violations**

14. Green Crew President Corrie Garza and Secretary Michael McDonagh signed the Payment Plan agreement and agreed to be personally liable for the amounts owed to Funds, the Union, and CRF. Green Crew President Corrie Garza and Secretary Michael McDonagh also consented to the entry of judgment against them in the event that Green Crew breached the Payment Plan.

15. Green Crew has breached its obligations under the Payment Plan because it has failed to make its installment payments timely and failed to submit its monthly reports, contributions, and dues timely. Green Crew has failed to pay liquidated damages and interest that has accrued, including post-judgment interest. As a result of such breaches, the Funds, CRF, and the Union are entitled under the Payment Plan to the entry of judgment against Green Crew President Corrie Garza and Secretary Michael McDonagh for all amounts identified as due in the Payment Plan and all sums that became due following the execution of the Payment Plan.

16. That upon careful review of all records, and after application of any and all partial payments made by Green Crew, there is a total of $15,587.07 known to be due the Funds, CRF, and the Union, from Green Crew President Corrie Garza and Secretary Michael McDonagh, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Green Crew owes additional contributions and dues not yet identified in its remittance reports.

WHEREFORE, the Funds, CRF, and the Union respectfully request that Court enter judgment against Green Crew President Corrie Garza and Secretary Michael McDonagh and in favor of the Funds, CRF, and the Union for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and costs necessarily incurred in this action as specified herein, or as subsequently determined.

Dated: October 15, 2026

Respectfully submitted,

By: /s/ Catherine Schlabowske
One of the Attorneys for Plaintiffs

Attorneys for the Funds and CRF:
Robert A. Paszta
Catherine Schlabowske
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph. 708/579-6601
Fx. 708/588-1647
*rpaszta@local150.org*
*cschlabowske@local150.org*

Attorneys for Local 150:
Dale D. Pierson
Robert A. Paszta
Catherine Schlabowske
Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663
Fx. 708/588-1647
*dpierson@local150.org*
*rpaszta@local150.org*
*cschlabowske@local150.org*